FILED IN OPEN COURT
U.S.D.C. - Atlanta

JAN 3 0 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| V | * | CRIMINAL ACTION NUMBER |
| | * | 1:17-cr-00118-TCB-JKL |
| THADDEUS UGHA, | * | |
| | * | |
| Defendant. | * | |

### DEFENDANT'S REQUESTS TO CHARGE

COMES NOW Defendant, by and through undersigned counsel of record, and files these requests to charge in the above-captioned matter. Defendant respectfully reserves the right to file additional requests at the close of the evidence in this matter.

Respectfully submitted,

s/ Steven Berne
STEVEN P. BERNE
ATTORNEY FOR DEFENDANT
GEORGIA BAR NO. 055020

1441 Dunwoody Village Parkway
Suite 100
Atlanta, Georgia 30338
(404) 881-5335

**DEFENDANT'S REQUEST TO CHARGE NO.** _____

### PROOF BEYOND A REASONABLE DOUBT

The burden is on the Government to prove beyond a reasonable doubt that the defendant is guilty of the charges made against him.

What is proof beyond a reasonable doubt? The term is often used and probably pretty well understood, though it is not easily defined. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt, for everything in the lives of human beings is open to some possible or imaginary doubt. A charge is proved beyond a reasonable doubt if, after you have compared and considered all of the evidence, you have in your minds an abiding conviction, to a moral certainty, that the charge is true. When we refer to moral certainty, we mean the highest degree of certainty possible in matters relating to human affairs -- based solely on the evidence that has been put before you in this case.

I have told you that every person is presumed to be innocent until he or she is proved guilty, and that the burden of proof is on the prosecutor. If you evaluate all the evidence and you still have a reasonable doubt remaining, the defendant is entitled to the benefit of that doubt and must be acquitted.

It is not enough for the Government to establish a probability, even a strong probability, that the defendant is

If you have a reasonable doubt, you should find the defendant not guilty. If you have no reasonable doubt, you should find the defendant guilty.

STATE OF FLORIDA, STANDARD JURY INSTRUCTIONS CRIMINAL CASES, 3.7

OR

The government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is necessary to prove only that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. A reasonable doubt is an honest and reasonable uncertainty in your minds about the guilt of the defendant, after you have given full and impartial consideration to all of the evidence. A reasonable doubt may arise from the evidence itself or from a lack of evidence. It is a doubt that a reasonable person hearing the same evidence would harbor.

Proof beyond a reasonable doubt is proof, for example, that leaves you firmly convinced of the defendant's guilt. In this world, we know very few things with absolute certainty. In criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other

hand, you are not firmly convinced of defendant's guilt, you must give defendant the benefit of the doubt and find him not guilty.

State v. Medina, 685 A.2d 1242, 1251-52 (N.J. 1996)

DEFENDANT'S REQUEST TO CHARGE NO. 1

**Cannot convict on mere assumption, conjecture or speculation**

A defendant must never be convicted on mere assumption, conjecture or speculation. So if your view the evidence in this case as reasonably permitting either of two conclusions, one of innocence, the other of guilt, you should, of course, adopt the conclusion of innocence.

United States v. Isaac, 134 F.3d 199 (3rd Cir. 1998)

DEFENDANT'S REQUEST TO CHARGE NO. 3

## Mere Association

A person is not guilty of a criminal act simply by virtue of association with others who are themselves participants. Association with a co-conspirator is insufficient to prove participation in a conspiracy. At a minimum, the defendant must willfully associate himself in some way with the criminal venture and willfully participate in it as he would in something he wished to bring about.

United States v. Newton, 44 F.3d 913, 922 (1995).

DEFENDANT'S REQUEST TO CHARGE NO. 4

**Testimony of Accomplice or Codefendant with Plea Agreement**

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant and alleged accomplices in exchange for their testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But witnesses who hope to gain more favorable treatment may have a reason to make false statements in order to strike a good bargain with the Government.

You should never convict a defendant upon the unsupported testimony of an alleged accomplice or co-defendant unless you believe that testimony beyond a reasonable doubt.

So while witnesses of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

Eleventh Circuit Pattern Jury Instructions, S1.2 (Modified).

DEFENDANT'S REQUEST TO CHARGE NO. 5

### Testimony of Witness with Immunity or for Personal Advantage

You must consider some witnesses' testimony with more caution than others.

Witnesses who has been promised immunity from prosecution or witnesses who hope to gain more favorable treatment in his or her own case or for personal advantage may have a reason to make a false statement in order to strike a good bargain with the Government.

You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, or by the personal advantages that the witness has received, or as a result of being immunized from prosecution.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

So while witnesses of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

Eleventh Circuit Pattern Jury Instructions, S1.3 (Modified).

Fifth Circuit Pattern Jury Instructions, 1.14 (Modified).

Fifth Circuit Pattern Jury Instructions, 1.15 (Modified).

DEFENDANT'S REQUEST TO CHARGE NO. _6_

**Impeachment - Inconsistent Statement - Felony Conviction**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Eleventh Circuit Pattern Jury Instructions, B6.2

DEFENDANT'S REQUEST TO CHARGE NO. 7

## Impeachment - Inconsistent Statement

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Eleventh Circuit Pattern Jury Instructions, B6.1

DEFENDANT'S REQUEST TO CHARGE NO. ___

### Similar Acts Evidence (Rule 404(b), Fed. R. Evid.)

During the trial, you heard evidence of an act allegedly done by the Defendant on another occasion that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether [the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment] [the Defendant had a motive or the opportunity to commit the acts charged in the indictment] [the Defendant acted according to a plan or in preparation to commit a crime] [the Defendant committed the acts charged in the indictment by accident or mistake].

Eleventh Circuit Pattern Jury Instructions, S4.1 (Modified).

**DEFENDANT'S REQUEST TO CHARGE NO. 9**

### Character Evidence

Where a defendant has offered evidence of good general
reputation for, and opinion testimony concerning, truth and
veracity, honesty and integrity, or character as a law-abiding
citizen, you should consider such evidence along with all the
other evidence in the case. Evidence of a defendant's character,
inconsistent with those traits of character ordinarily involved
in the commission of the crime charged, may give rise to a
reasonable doubt, since you may think it improbable that a
person of good character with respect to those traits would
commit such a crime.

Fifth Circuit Pattern Jury Instructions, 1.09

DEFENDANT'S REQUEST TO CHARGE NO. __10__

### Defendant Does Not Testify

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that the Defendant did not testify must not be discussed or considered by the jury in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.


Devitt and Blackmar, Vol. 1, §15.14 (4th ed.)

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Courier New font, 12 point type.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsels of record in this case a copy of the foregoing document via the Electronic Case Filing system of the United States District Court

for the Northern District of Georgia.


This __2430__ day of ____January_____, 2018.



                                   Respectfully submitted,


                                   s/ Steven Berne
                                   STEVEN P. BERNE
                                   ATTORNEY FOR DEFENDANT
                                   GEORGIA BAR NO. 055020

1441 Dunwoody Village Parkway
Suite 100
Atlanta, Georgia 30338
(404) 881-5335
atlantalaw@bellsouth.net